U.S. .....
TE.... .... .... ...COURT
..... .... ....SION
..... 10 ... 9: 27
SOU....
.... ...DIANA....RICT
A. A. BRIGGS
CLERK

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| SYLVIA KENWORTHY, MATHEW AKERS, AMANDA CHAPLIN, LATERICIA DEAL, DAVID GRAFE, ANDREA HARMON, ELVIS JONES, JEFF KELSHEIMER, HEATHER LOVE, NESTOR MELENDEZ, TIMOTHY ROBSON, DORIS SENFT, TERRY SMOTHERS, MICHAEL TARRANT, JAMES TAYLOR, BARBARA WEIMER-VAN HOOSEN, and ERICK WOLF Individually and on Behalf of Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHWEST RESEARCH INSTITUTE, a Corporation,<br><br>Defendant. | Case No.: _____<br><br>**2 : 11 -cv- 0034 LJM -WGL**<br><br><br><br><br><br><br><br><br>Judge: _____<br>Magistrate Judge: _____ |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### (PROPOSED CLASS ACTION)

Come now the Plaintiffs, Sylvia Kenworthy, Mathew Akers, Amanda Chaplin, Latericia

Deal, David Grafe, Andrea Harmon, Elvis Jones, Jeff Kelsheimer, Heather Love, Nestor

Melendez, Timothy Robson, Doris Senft, Terry Smothers, Michael Tarrant, James Taylor,

Barbara Weimer-Van Hoosen, and Erick Wolf (hereafter referred to as "Plaintiffs") individually

and on behalf of others similarly situated, by and through their attorneys, and file a Complaint

for Damages and Demand for Jury Trial against the Defendant, Southwest Research Institute

(hereinafter "SwRI" and/or "Defendant"). In support of this Complaint, Plaintiffs state as

follows:

## I. NATURE OF THE ACTION

1.      Plaintiffs bring this action against Defendant for unpaid overtime pursuant to the Fair
Labor Standards Act (29 U.S.C. §§ 201 *et seq.*)(hereafter "FLSA"), unpaid non-overtime wages
under Indiana Code §§ 22-2-5-2, 22-2-2-4, 34-4-30, 22-2-9-2 and for conversion, breach of
implied contract and unjust enrichment under Indiana common law. Plaintiffs' written consents
are attached herewith as Exhibit A.

2.      With regards to claims for unpaid overtime wages, and pursuant to 29 U.S.C. § 216(b),
Plaintiffs bring this action on behalf of themselves, and as a Collective Action on behalf of all
other persons similarly situated who are currently or were previously employed by SwRI
(hereafter referred to as "the proposed FLSA Class").

3.      With regards to claims for unpaid non-overtime wages, and pursuant to Indiana Code §§
22-2-5-2, 22-2-2-4, 34-4-30, 22-2-9-2 and for conversion, breach of implied contract and unjust
enrichment under Indiana common law, Plaintiffs bring this action on behalf of themselves, and
as a Class Action under FRCP Rule 23 on behalf of all other persons similarly situated who are
currently or were previously employed by SwRI (hereafter referred to as "the proposed Class").

4.      SwRI was at all times relevant hereto a corporation conducting business in Indiana.

5.      From on or about November 5, 2007, SwRI has been engaged as a U.S. Government
contractor responsible for monitoring and related activities for the chemical warfare agent
disposal operations at the Newport Chemical Agent Disposal Facility ("NECDF") in Newport,
Indiana.

6.      From on or about November 5, 2007, SwRI has been a subcontractor to Parsons
Engineering Science, Inc., a contractor to the U.S. Army responsible for chemical warfare agent

2

disposal operations at the Newport Chemical Agent Disposal Facility ("NECDF") in Newport, Indiana.

7.     Plaintiffs were employed by SwRI at the NECDF in Newport, Indiana.

8.     As set forth in detail below, it was SwRI's policy and practice to require and/or cause its non-exempt (hourly-paid) employees at the NECDF to engage in work without compensation in violation of the provisions of the FLSA and Indiana laws.

## II. JURISDICTION AND VENUE

9.     This Court has jurisdiction over this action pursuant to the provisions of FLSA, specifically 29 U.S.C. §§ 207, 216, and 217.

10.    This Court has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331).

11.    This Court has supplemental jurisdiction to consider claims arising under Indiana state law, pursuant to 28 U.S.C. §1367.

12.    SwRI is subject to personal jurisdiction in Indiana.

13.    SwRI conducted and conducts business in the Southern District of Indiana. Venue in the Southern District of Indiana is proper pursuant to 28 U.S.C. § 1391(b) and § 1391(c).

## III. PARTIES

### *Plaintiffs*

14.    Plaintiffs Sylvia Kenworthy, Mathew Akers, Amanda Chaplin, Latericia Deal, David Grafe, Andrea Harmon, Elvis Jones, Jeff Kelsheimer, Heather Love, Nestor Melendez, Timothy Robson, Doris Senft, Terry Smothers, Michael Tarrant, James Taylor, Barbara Weimer-Van Hoosen, and Erick Wolf are natural persons and, during the relevant time periods identified herein, were employed by SwRI.

15.     Plaintiff Sylvia Kenworthy is resident of Indiana and was employed by SwRI as a QA Technician from on or about November 5, 2007 to November 11, 2009.

16.     Plaintiff Mattew A. Akers is resident of Indiana and was employed by SwRI as a Air Monitoring Technician from on or about November 5, 2007 to on or about September 2009.

17.     Plaintiff Amanda Chaplin is resident of Indiana and was employed by SwRI as a Monitoring Technician from on or about November 5, 2007 to on or about May 8, 2009.

18.     Plaintiff Latericia Deal is resident of Alabama and was employed by SwRI as a Laboratory Technician, Air Monitoring Technician, and GC Operator from on or about November 5, 2007 to on or about April 14, 2009.

19.     Plaintiff David E. Grafe is resident of Alabama and was employed by SwRI as a Monitoring Technician from on or about November 5, 2007 to on or about March 25, 2009.

20.     Plaintiff Andrea Harmon is resident of Indiana and was employed by SwRI as a Monitoring Technician from on or about November 5, 2007 to on or about August 28, 2009.

21.     Plaintiff Elvis Jones is resident of Florida and was employed by SwRI as a Process Chemist from on or about November 5, 2007 to on or about December 31, 2008.

22.     Plaintiff  Jeff Kelsheimer is resident of Mississippi and was employed by SwRI as a Air Monitoring Technician from on or about November 5, 2007 to on or about September 2009.

23.     Plaintiff Heather Love is resident of Oregon and was employed by SwRI as a Air Monitoring Technician since on or about November 5, 2007.

24.     Plaintiff Nestor Melendez is resident of Florida and was employed by SwRI as a Air Monitoring Technician from on or about November 5, 2007 to on or about July 2009.

25.     Plaintiff Timothy Robson is resident of Indiana and was employed by SwRI as a Air Monitoring Technician from on or about November 5, 2007 to on or about September 2009.

4

26.     Plaintiff Doris Senft is resident of Indiana and was employed by SwRI as a Data Specialist from on or about November 5, 2007 to on or about December 23, 2009.

27.     Plaintiff Terry Smothers is resident of Washington and was employed by SwRI as an Analyst II from on or about November 5, 2007 to on or about April 16, 2009.

28.     Plaintiff Michael Earl Tarrant is resident of Indiana and was employed by SwRI as a QA Auditor from on or about November 5, 2007 to on or about August 15, 2008.

29.     Plaintiff James J. Taylor is resident of Indiana and was employed by SwRI as a QA Analyst from on or about November 5, 2007 to on or about November 11, 2009.

30.     Plaintiff Barbara Weimer-Van Hoosen is resident of Massachusetts and was employed by SwRI as a Monitoring Technician from on or about November 5, 2007 to on or about August 28, 2009.

31.     Plaintiff Erick C. Wolf is resident of Alabama and was employed by SwRI as a GC Operator on or about November 5, 2007 to on or about April 08, 2009.

32.     Plaintiffs are "employee[s]" within the meaning of 29 U.S.C. § 203(e).

## *Defendant*

33.     SwRI is a corporation incorporated and headquartered in California.

34.     SwRI conducts business in the State of Indiana.

35.     At all times relevant hereto, SwRI has been a contractor for the U.S. Army at the NECDF, Newport, Indiana.

36.     SwRI currently maintains control and previously maintained control, oversight, and direction over Plaintiffs and members of the proposed FLSA Class who work or worked at the NECDF, including employee payroll and other employment practices.

37.     SwRI was and/or is an "employer" within the meaning of 29 U.S.C. § 203(d).

5

## IV. COMMON FACTUAL ALLEGATIONS FOR ALL CLAIMS

38.     Plaintiffs hereby incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

39.     Plaintiffs and members of the proposed Class were employed by SwRI.

40.     SwRI practiced a policy of permitting, encouraging, and/or requiring its non-exempt employees, including Plaintiffs and members of the proposed Class, to work without overtime and non-overtime compensation, as follows:

### *Pre-Shift Off-the-Clock Work*

41.     Plaintiffs and members of the proposed Class were required by SwRI' Policies and Procedures to have a "mask carrier" (containing a gas mask and Nerve-Agent Antidote Kits) on their person or within arm's length at all times while on site.

42.     Upon arrival at the site, Plaintiffs and members of the proposed Class who worked inside the Chemical Limited Area ("double fenced area") were required to first pick up their mask carriers from the "Mask Trailer" which is located outside the double fence.

43.     After obtaining their mask carriers, and in order to enter the double-fenced area, Plaintiffs and members of the proposed Class were required to go through a security-screening gate and process.

44.     Plaintiffs and members of the proposed Class were required to arrive at their designated work areas at or before the commencement of their official shift.

45.     Plaintiffs and members of the proposed Class were required arrive at the Mask Trailer from 15-30 minutes prior to the commencement of their official shift, in order to arrive at their designated work areas at or before the commencement of their official shift.

6

46.     SwRI failed to pay Plaintiffs and members of the proposed Class the overtime wages for the period of pre-shift time from the time when they picked up their mask carriers at the Mask Trailer to the time that their shift officially started.

47.     The amount of uncompensated pre-shift work performed by Plaintiffs and each member of the proposed Class amounts to 15-30 minutes per day per person, with the exact amount to be determined at trial.

### On-Call Meal Period Time Worked

48.     SwRI had, and continues to have, a policy and practice of deducting thirty minutes of pay each day for time designated as meal periods from Plaintiffs and members of the proposed Class.

49.     Plaintiffs and members of the proposed Class were required during meal breaks to be actively on call at all times (via telephone, intercoms, and/or pagers) and to answer any calls and/or attend to any situation that arose during such meal periods.

50.     Plaintiffs and members of the proposed Class were, in fact, frequently interrupted during their meal periods by work-related in-person inquiries and phone or radio calls, and/or by being required to leave the break room entirely to attend to some work-related issue.

51.     Plaintiffs and members of the proposed Class often took less than 30 uninterrupted minutes for their meal breaks, due to the work-related interruptions and activities described above; but SwRI, as a policy and practice, nevertheless deducted 30 minutes from their pay.

### Post-Shift Off-the-Clock Work

52.     Plaintiffs and members of the proposed Class were required to engage in work after the official end of the shift and up to the point of returning their mask carrier to the mask trailer, for which they were not compensated.

7

53.     The amount of uncompensated post-shift work which was performed by Plaintiffs and proposed Class members amounts to 10 or more minutes per day per person, with the exact amount to be determined at trial.

## *Miscellaneous Allegations*

54.     SwRI engaged in willful violations of the FLSA.

## V. COLLECTIVE AND CLASS ACTION ALLEGATIONS

55.     Plaintiffs hereby incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

56.     Plaintiffs bring this action individually and as collective and class actions, on behalf of all persons similarly situated to them, including the following proposed Class:

57.     Definition of Proposed Class: All persons who are, or have been, employed by SwRI, from November 5, 2007, as Laboratory Technicians, Analysts, Chemists, Monitoring Technicians, and other non-exempt employees, who regularly or frequently worked inside the Chemical Limited Area ("double-fenced" area) and were not paid time worked in any workweek for pre-shift, on-call meal periods, and post-shift activities (as set forth above within Paragraphs 41 to 53).

58.     Class Too Numerous for Joinder: total number of members of the proposed Class exceeds 100 individuals. The members of the proposed Class are so numerous that joinder of all members is impractical, and a class action is the only available method for the fair and efficient adjudication of this controversy.

59.     Common Questions of Fact: The Defendant did not pay employees time and half for hours worked over 40 in one week and also does not pay "straight time" pay for all hours worked for activities described in paragraphs 41 to 53, which raise questions of fact common to the class.

8

60.     Common Questions of Law: The same question of law is presented for all class members:

Does Defendants' policy and practice (as set forth above within Paragraphs 41 to 53) violates the

FLSA and the Indiana state law?

61.     Typicality of Plaintiffs' Claims: The Plaintiffs' claims encompass the challenged policy

and practice of Defendant described above.

62.     Protection of Class Interests: Plaintiffs will fairly and adequately protect the interests of

the class and do not have any conflict of interest with same.

63.     Action Maintainable as a Class Action: This action is maintainable as a collective action

pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), for FLSA claims and as a conventional

class action for state law claims under Fed. R. Civ. P. 23(a) and (b) (1), (2) and (3).

64.     The prosecution of separate actions by or against individual members of the class would

create a risk of:

    Inconsistent or varying adjudications with respect to individual members of the
    class that would establish incompatible standards of conduct for the parties
    opposing the class (Fed.R.Civ.P. 23 (b) (1) (A)); and,

    Adjudications with respect to individual members of the class that would as a
    practical matter be dispositive of the interests of the other members not parties to
    the adjudications or substantially impair or impede their ability to protect their
    interests (Fed.R.Civ.P. 23 (b) (1) (B)).

65.     The questions of law and fact common to the members of the class predominate over any

questions affecting only individual members, and a class action is superior to other available

methods for the fair and efficient adjudication of the controversy.

66.     Class members have little or no interest in individually controlling the prosecution of

separate actions.

67. This action is manageable as a collective action for FLSA claims and as a class action for state law claims because compared with any other method, such as individual interventions or the consolidation of individual actions, a class action is fairer and more efficient.

68. Members of the proposed Class would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit as party plaintiffs (by filing written consent with the Court, pursuant to 29 U.S.C. § 216(b).

69. Members of the proposed Class are known to SwRI, are readily identifiable, and can be located through SwRI' records.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF
## FAIR LABOR STANDARDS ACT
### (Proposed Collective Action)

70. Plaintiffs hereby incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

71. This cause of action, for violations of the FLSA, applies to Plaintiffs and members of the proposed Class as defined in Paragraph 54 above.

72. At all times relevant hereto, Plaintiffs have been and continue to be entitled to the rights, protections and benefits under the FLSA, 29 U.S.C. §§ 201 *et seq*.

73. At all times relevant hereto, SwRI was an employer as defined under 29 U.S.C. § 203(b) and (d).

74. At all times relevant hereto, SwRI was an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s)(1).

75. On certain weeks, Plaintiffs and members of the proposed Overtime Class were scheduled, as a matter of course, to work more than 40 hours per week; and therefore all of the

uncompensated time worked (as alleged above in Paragraphs 41 to 53) is compensable as
overtime under the FLSA.

76.     SwRI failed to pay compensation for work in excess of 40 hours per week to Plaintiffs
and members of the proposed Class. This was in violation of the FLSA, 29 U.S.C. §§ 206 and
207.

77.     The practices and policies of SwRI (as described above in Paragraphs 41 to 53 above),
deprived Plaintiffs and proposed class members of rightful overtime pay.

78.     SwRI maintained these practices and policies company-wide and applied them to
Plaintiffs and members of the proposed Class.

79.     SwRI acted knowingly and willfully and/or showed reckless disregard as to whether its
conduct was prohibited by FLSA.

80.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions,
SwRI is liable for unpaid overtime compensation for work performed in excess of 40 hours per
week, together with an additional amount as liquidated damages and/or pre- and post-judgment
interest, as well as reasonable attorneys' fees, and costs of this action.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY NON-OVERTIME WAGES IN VIOLATION OF
## INDIANA WAGE PAYMENT STATUTE
### (Proposed Class Action)

81.     Representative Plaintiffs incorporate in this cause of action each and every allegation of
the preceding paragraphs with the same force and effect as though fully set forth herein.

82.     Pursuant to Indiana Code § 22-2-5, et seq. and § 22-2-9-2, the wages, benefits, and costs and
expenses owed Plaintiffs by Defendants as its employees are all "wages" within the meaning of the

11

statute, which are to be made at regular intervals according to a predetermined schedule, independent of any other factor of employment.

83.     SwRI violated the Indiana Code § 22-2-5, et seq. and § 22-2-9-2, by failing to pay regular non-overtime wages for time worked by Plaintiffs, and members of the proposed Class (as set forth above in Paragraphs 41 to 53).

84.     On certain weeks, Plaintiffs and members of the proposed Class were scheduled, as a matter of course, to work less than 40 hours per week; and therefore a significant amount of the uncompensated time worked in those weeks (as alleged above in Paragraphs 41 to 53) was compensable as regular non-overtime pay under the Indiana Wage Payment Statute, Ind. Code Ann. § 22-2-5 *et seq*. and § 22-2-9-2.

85.     Plaintiffs and the members of the proposed Class are entitled to an award of the full amount of the unpaid regular non-overtime wages, beginning two years prior to the filing of this Complaint.

86.     Additionally pursuant to Ind. Code Ann. §22-2-5-2, Plaintiffs are also entitled to liquidated damages in the amount of ten percent (10%) each day that the amount due to them remains unpaid (not exceeding double the amount of wages due), plus all costs and attorneys' fees reasonably incurred in connection with this action, and any other relief that this Court finds reasonable and equitable.

## COUNT III:
## CONVERSION
## (Proposed Class)

87.     Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

12

88.     Pursuant to Indiana Code § 34-4-30 *et seq*., Indiana's civil conversion statute, the amounts owed Plaintiffs by Defendants are not just a simple debt, but constitute a specific chattel, determined by the precise amounts agreed to by Plaintiffs and Defendants for wages. As such, the deliberate and intentional non-payment of wages to Plaintiffs by Defendants constitutes a wrongful taking of money.

89.     Pursuant to the parties' agreement on wages, Defendants were obligated to pay Plaintiffs' wages for work. By their course of dealing, Defendants knew that Plaintiffs continued to work in exchange for payment of the agreed upon wages.

90.     Because the civil conversion statute applies to the amounts owed Plaintiffs by Defendants, Plaintiffs are entitled to an award under the civil conversion statute not to exceed three times actual losses, the costs of this action and a reasonable attorney's fee.

## COUNT IV:
## UNJUST ENRICHMENT/QUANTUM MERUIT
### (Proposed Class)

91.     Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

92.     Plaintiffs and the members of the proposed Non-Overtime Class conferred a substantial benefit on SwRI by performing the pre-shift and meal period work (as described in Paragraphs 41 to 53).

93.     SwRI had knowledge of the uncompensated work performed by Plaintiffs and the members of the proposed Class, and in fact, knowingly permitted, encouraged and/or required that such work be performed.

94.     Plaintiffs and the members of the proposed Class performed this work with the expectation of receiving compensation and/or fear of being disciplined or discharged for refusing to work as requested.

95.     SwRI benefited materially and significantly by accepting the benefits of the labor of Plaintiffs and members of the proposed Class. Yet SwRI withheld compensation for such labor.

96.     It would be unjust and inequitable for SwRI to retain the benefits and profits obtained from the work performed by Plaintiffs and members of the proposed Class without paying compensation for this work.

97.     Plaintiffs and members of the proposed Class are entitled to an award for the full value of the uncompensated work they performed (as described above in Paragraphs 41 to 53), as well as pre- and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT V:
## BREACH OF IMPLIED CONTRACT
### (Proposed Class)

98.     Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

99.     Defendant entered into an implied contract with Plaintiffs to pay them wages for all work done and time spent for Defendant's benefit.

100.    Defendant breached this implied contract by failing to pay Plaintiffs and all the wages due for the benefit given to Defendant.

101.    Plaintiffs are at will employees. The law implies that a contract for payment of wages existed by the very nature of the employer/employee relationship.

102.    Plaintiffs were injured by Defendant's breach of implied contract to pay wages.

103.    Defendant's actions were intentional, willful, malicious, and in reckless disregard for the rights of the Plaintiffs.

## COUNT V:
## BREACH OF WRITTEN CONTRACT
## (Proposed Class)

104.    Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

105.    SwRI expressly made a written offer to pay Plaintiffs and members of the proposed Non-Overtime Class a specific wage for each regular (non-overtime) hour worked.

106.    SwRI expressly made a written offer to pay Plaintiffs and members of the proposed Non-Overtime Class additional compensation in the form of night-shift differentials, Sunday premiums, shift differentials, hazardous pay premiums, and/or other compensation for each non-overtime hour worked.

107.    Throughout its policies, procedures, and practices, SwRI confirmed its offer, agreement, and obligation to pay its hourly employees the agreed-upon rate and additional compensation for all time worked.

108.    Plaintiffs and each member of the proposed Class performed work pursuant to the offer made by SwRI, and were entitled to receive the agreed-upon wages and other compensation.

109.    SwRI breached its contractual obligation to Plaintiffs and members of the proposed Class (as described above in Paragraphs 41 to 53) by failing to pay the full amount of agreed-upon wages and compensation for each hour worked.

110.    Plaintiffs and each member of the proposed Class suffered damages because they performed work but were not paid the agreed-upon wages and other compensation for each hour worked.

15

111.    Plaintiffs and members of the proposed Class are entitled to an award of the full amount of the unpaid non-overtime wages, as well as pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and members of the proposed Class, pray for judgment and the following specific relief against Defendant SwRI as follows:

a.    That this Court declare, adjudge and decree that this action is a proper collective action and certify the proposed FLSA Class under 29 U.S.C. § 216;

b.    That, at the earliest possible time, pursuant to 29 U.S.C. § 216(b), Plaintiffs be allowed to give notice of this collective action to all members of the proposed FLSA Class, with such notice informing them that this civil action has been filed, the nature of the action, and of their right to join this lawsuit;

c.    Damages and restitution of all wages and other economic benefits lost as a result of the Defendants' unlawful acts;

d.    Treble damages for failure to pay wages;

e.    Liquidated damages, pre-judgment and post-judgment interest, as provided by FLSA;

f.    An award to Plaintiffs and members of the proposed FLSA Class of reasonable attorneys' fees and costs pursuant to FLSA;

g.    Any and all other legal and/or equitable relief to which Plaintiffs are entitled; and

h.    All other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs and members of the proposed FLSA Class hereby demand trial by jury on all

issues triable of right by jury.

Dated this **10th** day of February, 2011.

Respectfully Submitted,

Rudolph William Savich, IN Bar# 1582-53
205 North College Avenue
Graham Plaza Suite 315
Bloomington, IN 47404-3952
Tel: (812) 336-7293
Fax: (812) 336-7268
Email: rsavich@aol.com

*Attorneys for Plaintiffs*

17